FEE PAID

Jorge Alejandro Rojas
Rojas.jorge96@gmail.com
Plaintiff in Pro Se
557 Cambridge Way
Bolingbrook, IL 60440
(424) 219-1582

**FILED**
CLERK, U.S. DISTRICT COURT

6/15/22

CENTRAL DISTRICT OF CALIFORNIA
BY: _____EEE_____ DEPUTY

## IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE ALEJANDRO ROJAS,<br><br>Plaintiff,<br><br>vs.<br><br>REAL ESTATE HEAVEN INTERNATIONAL, INC, and PAUL RAYMOND ARGUETA,<br><br>Defendants. | Case No.: _____<br><br>CV-22-4136-MCS(ASx)<br><br>COMPLAINT FOR:<br>VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 |

Plaintiff, Jorge Alejandro Rojas, brings this action under the Telephone Consumer Protection Act, 47 U.S.C. § 227, and its implementing regulations, against Defendants Real Estate Heaven International, Inc ("REH") and Paul Raymond Argueta ("Argueta") collectively "Defendants", and alleges based on personal knowledge and information and belief, as follows:

**INTRODUCTION**

1. As the Supreme Court has explained, Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019. The States likewise field a constant barrage of complaints. For nearly 30 years, representatives in Congress have been fighting back. As relevant here, the Telephone Consumer Protection Act of 1991, known as the "TCPA", generally prohibits robocalls to cell phones and home phones. *See Barr v. Am. Ass'n of Political Consultants, 140 S. Ct. 2335, 2343 (2020).*

2. Plaintiff brings this action against Defendants for violations of the TCPA, 47 U.S.C. § 227, and its implementing regulations, 47 C.F.R § 64.1200.

3. This case involves a campaign by Defendants to obtain business via itself or affiliates making telemarketing calls in an effort to solicit business, specifically, to buy and/or sell homes and utilize their real estate broker services, despite not having the required consent to contact Plaintiff.

**JURISDICTION AND VENUE**

4. This Court has subject-matter jurisdiction over the TCPA claims in this action under 28 U.S.C. § 1331.

COMPLAINT FOR: VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 - 2

5. This Court has personal jurisdiction over Defendant as it regularly and systemically conducts business in the state of California. Specifically, Defendants conduct significant business in the State. The wrongful conduct giving rise to this case occurred in, was directed to, and/or emanated from this District. As described by Defendant Argueta's LinkedIn Page, "Paul Argueta has been featured in the Los Angeles Times and is an Inc 5000 honoree. He has been a licensed Real Estate Broker since 1997 and has been ranked in the Top 1% of all Real Estate Agents in Southern California by Zillow, Trulia, and Real Trends. He has personally sold over 1000 homes and over 1/2 Billion dollars in real estate sales."

6. Venue is proper under 28 U.S.C. § 1391(b)(2).

## **PARTIES**

7. Plaintiff Jorge Alejandro Rojas is a natural person residing in Bolingbrook, IL 60440, and is a citizen of the State of Illinois.

8. Defendant Real Estate Heaven International, Inc ("REH"), is a California General Stock Corporation, with an address of 898 N Fair Oaks Ave Suite A-5 Pasadena, CA 91103, and a registered agent of Adam Leach located at 1445 Huntington Dr Suite 260 South Pasadena, CA 91030.

9. Defendant Paul Argueta ("Argueta") is REH's sole officer, CEO, Secretary, CFO, and Director, and is located at the same address as REH.

10. Defendant REH is, as of January 25, 2022, in a Pending Suspension status, for failure to file its Statement of Information. REH has been suspended multiple times in the past for failure to file its Statement of Information with the State of California.

11. Defendant REH holds California Department of Real Estate Broker License # 01945994.

12. Defendant Argueta holds California Department of Real Estate Salesperson License # 01223040.

13. Defendants are persons as defined by 47 U.S.C. § 153(39).

14. Defendants acted through its agents, affiliates, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and/or insurers.

## STATUTORY BACKGROUND

15. The TCPA makes it unlawful to make calls to any cellular or residential line using an artificial or prerecorded voice, without the call recipient's prior express consent. *See* 47 U.S.C. § 227(b); *In the Matter of Rules &*

*Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 F.C.C. Rcd. 1830, 1844 (2012).

16. The TCPA makes it unlawful to make calls to any cellular or residential line using an automatic telephone dialing system ("ATDS") without prior express consent. 47 U.S.C. § 227(b)(1)(B).

17. "A text message to a cellular telephone, it is undisputed, qualifies as a 'call' within the compass of § 227(b)(1)(A)(iii)". *Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 156 (2016).

18. The TCPA provides a private cause of action to persons who receive such automated or pre-recorded calls. *See* 47 U.S.C. § 227(b)(3).

19. In 2013, the FCC required prior express written consent for all autodialed or prerecorded telemarketing calls ("robocalls") to wireless numbers and residential lines. It ordered that:

[A] consumer's written consent to receive telemarketing robocalls must be signed and be sufficient to show that the consumer: (1) received "clear and conspicuous disclosure" of the consequences of providing the requested consent, i.e., that the consumer will receive future calls that deliver prerecorded messages by or on behalf of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a

telephone number the consumer designates.[] In addition, the written agreement must be obtained "without requiring, directly or indirectly, that the agreement be executed as a condition of purchasing any good or service.[]" *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 F.C.C. Rcd. 1830, 1844 (2012) (footnotes omitted).

20. The TCPA's definition of telephone solicitation applies to the "initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person." 47 U.S.C. § 227(a)(4).

21. The TCPA's definition of unsolicited advertisement applies to "means any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's prior express invitation or permission, in writing or otherwise." 47 U.S.C. § 227(a)(5).

22. The TCPA requires entities and persons engaging in telemarketing meet minimum standards, including training their personnel concerning the rules regarding telemarketing. 47 C.F.R. §§ 64.1200(d)(1)-(d)(3); 47 C.F.R. § 64.1200(b).

COMPLAINT FOR: VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 - 6

23. When considering individual officer liability under the TCPA, other Courts have agreed that a corporate officer involved in the telemarketing at issue may be personally liable under the TCPA. *See, e.g., Jackson Five Star Catering, Inc. v. Beason*, 2013 U.S. Dist. LEXIS 159985, *10 (E.D. Mich. Nov. 8, 2013) ("[M]any courts have held that corporate actors can be individually liable for violating the TCPA "where they 'had direct, personal participation in or personally authorized the conduct found to have violated the statute.'"); *Maryland v. Universal Elections*, 787 F. Supp. 2d 408, 415-16 (D. Md. 2011) ("If an individual acting on behalf of a corporation could avoid individual liability, the TCPA would lose much of its force.").

24. Under the TCPA, individual party Defendants are personally liable for the acts and omissions alleged in this Complaint.

25. Individual Defendants directed and oversaw the telemarketing activity in progress, including selecting any third-party affiliate to make the call, exercised control over those affiliates, and any other employees who made the telephone calls.

## **FACTUAL ALLEGATIONS**

COMPLAINT FOR: VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 - 7

26. At all times relevant hereto, Plaintiff maintained and used a residential cellular telephone line, with phone number (424) XXX-1582. The phone number is not associated with a business and is used by Plaintiff solely.

27. Plaintiff is the account holder and customary user of his phone number.

28. Plaintiff registered his phone number on the Federal Do Not Call Registry on or around January 18, 2008.

29. Plaintiff registered his phone number on the Do Not Call list in order to obtain solitude from invasive and harassing telemarketing calls. The calls prevented Plaintiff from using his phone for legitimate purposes.

30. Defendant REH is a real estate entity who has been engaging in telemarketing in order to obtain business.

31. Defendant Argueta is a broker who is using other individuals to send out telemarketing text messages to individuals who may be interested in selling their homes, an action that himself, and the broker entity he is affiliated with, Defendant REH, would make money off of in terms of commission.

32. Defendant REH is liable for the actions taken by Defendant Argueta. Defendant Argueta's Broker License is tied to Defendant REH. Defendant Argueta represents Defendant REH in making the telephone calls.

COMPLAINT FOR: VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 - 8

33. **Call 1.** On June 14, 2022, at 11:37 AM Chicago time, Plaintiff received a text message from Defendants, from 213-429-9055.

34. The text message stated "Hi Jorge, have you seen home prices? What would entice you to sell [address] Paul Argueta DRE Lic 01223040 If your home is listed disregard this msg."

35. Plaintiff did not agree to receive messages from Defendant.

36. Following the text message, Plaintiff requested Defendant provide a copy of its do not call policy, which as of the date of this Complaint, has not been provided.

37. Plaintiff alleges the text message was made using an ATDS system given, among other reasons, its generic and pre-scripted nature. The text messages are also pre-recorded in nature.

38. The text messages from the sender did not state who they were from, which falls short of the TCPA regulations identification and disclosure requirements. For example, Defendant failed to identify a telephone number where they may be reached, and the entity on behalf of who the call is being made.

COMPLAINT FOR: VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 - 9

39. The above call was made by Defendants for the purpose of soliciting the purchase or the sale of a product or service, specifically, real estate, and soliciting the services of a real estate agent.

40. The conduct alleged in this action was made willful and knowingly, including for example failing to fully properly disclose identity.

41. The TCPA requires telemarketers to provide training to its employees, contractors, etc., and Defendants have failed to properly train the same.

42. Defendants' calls to Plaintiff utilized an automatically generated and/or pre-recorded voice.

43. Defendants' phone calls utilized an Automatic Telephone Dialing System (ATDS) without obtaining Plaintiff's prior express written consent.

44. Plaintiff did not have a prior business relationship with Defendants.

45. Defendants did not have any consent to call Plaintiff.

46. Defendants are not an organization exempt from the TCPA.

47. Defendants' calls to Plaintiff were a "telephone solicitation."

48. Defendants' calls to Plaintiff were an "unsolicited advertisement."

49. Upon information and belief, Plaintiff received additional calls from Defendants and its affiliates not included above.

50. Plaintiff alleges that Defendants train its affiliates to avoid divulging too much information to leads and customers to evade TCPA liability.

51. Defendants made further efforts to conceal their identity by transmitting a deceptive telephone number with a local area telephone codes to Plaintiff's telephone caller identification ("Neighbor Spoofing"). Neighbor Spoofing is done as a way to deceive the called party into believing the telemarketer is a local person or business, increasing the likelihood that the telemarketing call will be answered.

52. The impersonal and generic nature of the calls demonstrate Defendants utilized an ATDS and/or a pre-recorded voice in making the calls.

53. In total, Defendants and/or its affiliates placed at least one (1) telephone solicitation calls to Plaintiff.

54. As a result of the foregoing, Plaintiff experienced frustration, annoyance, irritation and a sense that his privacy has been invaded by Defendants.

55. Defendants have a pattern and practice of failing to comply with the TCPA.

56. The foregoing acts and omissions were in violation of the TCPA.

57. Defendants are engaging in violations of the TCPA in order to get business.

COMPLAINT FOR: VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 - 11

58. Defendant Argueta is liable under the TCPA as he is the individual collecting the leads from the telemarketing scheme and earning a commission on any sales or purchases made.

59. Defendant REH is liable as it eventually would earn a commission from any transactions Defendant Argueta made. Defendant REH is thus vicariously liable for the actions of Argueta.

60. The FCC has explained that its "rules generally establish that the party on whose behalf a solicitation is made bears ultimate responsibility for any violations." *See In re Rules & Regulations Implementing the TCPA*, 10 FCC Rcd. 12391, 12397 (1995).

61. Employees can be held liable in TCPA actions for unlawful conduct.

62. The TCPA prohibits placing calls using an automatic telephone dialing system or automatically generated or prerecorded voice to a cellular telephone except where the calling has the prior express consent of the called party to make such calls or where the call is made for emergency purposes. 47 U.S.C. § 227(b)(1)(A)(iii).

63. As a result of Defendants' knowing and/or willful violations of 47 U.S.C. § 227, Plaintiff is entitled to treble damages of up to $1,500.00 for each

and every call made in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(C).

64. The acts and omissions of Defendants constitute knowing and/or willful violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227.

65. Plaintiff seeks injunctive relief prohibiting such conduct violating the TCPA by Defendants in the future.

66. Plaintiff is also entitled to an award of costs.

67. Defendants' calls were not made for "emergency purposes."

68. Defendants' calls to Plaintiff were made without any prior express written consent.

69. Defendants contacted Plaintiff even though Plaintiff was on the Do Not Call Registry.

70. Defendants' acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

71. The acts and/or omissions of Defendants were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

72. As a result of the above violations of the TCPA, Plaintiff has suffered losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

73. Plaintiff, in discovery will better identify how many telephone calls were made by Defendants and or its agents or affiliates, and requests leave to amend the complaint after identifying the instance count.

**COUNT 1.** Violation of the TCPA's Automated Telemarketing Call Provisions, 47 U.S.C. § 227(b)(1)

74. Plaintiff incorporates the foregoing paragraphs as through the same were set forth at length herein.

75. Defendants or one of its affiliates or vendors called/texted Plaintiff's cellular telephone using an "automatic telephone dialing system" and/or a pre-recorded voice as defined by the TCPA on at least one (1) occasion in violation of 47 U.S.C. § 227(b)(1), without Plaintiff's prior express written consent.

76. Plaintiff was statutorily damaged at least one (1) time under 47 U.S.C. § 227(b)(3)(B) by the Defendants by the telephone calls/texts described above, in the amount of $500.00 for each.

77. Plaintiff was further statutorily damaged because Defendants willfully or knowingly violated this subsection of the TCPA. Plaintiff requests that the

COMPLAINT FOR: VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 - 14

court treble the damage amount as permitted under 47 U.S.C. § 227(b)(3)(C) for these willful or knowing violations.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor and against, Defendants, jointly and/or severally, in an amount of $1,500.00 plus costs and any other remedy deemed appropriate.

**COUNT 2.** Violation concerning Identification of Sellers and Telemarketers, 47 C.F.R. § 64.1200(d)(4)

78. Plaintiff incorporates the foregoing paragraphs as through the same were set forth at length herein.

79. The TCPA's implementing regulations require that the caller provide the called party the name of the individual caller, the name of the person or entity on whose behalf the call is made, and a telephone or address where the person may be reached. 47 C.F.R. § 64.1200(b); 47 C.F.R § 64.1200(d)(4).

80. Defendants violated this provision during the telephone calls by not identifying itself adequately during the call.

81. Plaintiff was statutorily damaged at least one (1) times under 47 U.S.C. § 227(c)(5)(B) by the Defendants by the telephone call/text described above, in the amount of $500.00 for each of the one (1) telephone call/text where a failure to properly identify was made.

COMPLAINT FOR: VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 - 15

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor

and against, Defendants, jointly and/or severally, in an amount of $500.00 plus

costs and any other remedy deemed appropriate.

**COUNT 3.** Violation concerning written policies and training of personnel
engaging in telemarketing, 47 C.F.R. §§ 64.1200(d)(1)-(d)(2)

82. Plaintiff incorporates the foregoing paragraphs as through the same were

    set forth at length herein.

83. The TCPA's implementing regulations require that the entities making

    telephone calls maintain written policies, available upon demand,

    concerning their do-not-call policy. 47 C.F.R. § 64.1200(d)(1).

84. The TCPA's implementing regulations require that the entities making

    telephone calls train its personnel engaging in telemarketing. 47 C.F.R. §

    64.1200(d)(2).

85. Defendants violated these provisions by failing to provide training to

    personnel including Argueta on the rules concerning disclosure of identity

    and the required consent.

86. Defendants violated these provisions by failing to provide Plaintiff a copy

    of their do not call policy, which was requested via text on June 14, 2022,

    and via email on June 14, 2022.

COMPLAINT FOR: VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 - 16

87. Plaintiff was statutorily damaged at least two (2) times under 47 U.S.C. § 227(c)(5)(B) by the Defendants for the violations described above, in the amount of $500.00 for the failure to train employees regarding the TCPA, and for failure to provide their do not call policy upon request.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor and against, Defendants, jointly and/or severally, in an amount of $1,000.00 plus costs and any other remedy deemed appropriate.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that judgment be entered in favor of him and against Defendants, jointly and/or severally, in an amount to be more fully determined at trial, but at least $3,000.00 as permitted by statute, as follows:

A. All actual damages Plaintiff suffered,

B. Statutory damages of $500.00 per call for each and every violation of 47 U.S.C. § 227(b),

C. Treble damages of $1,500.00 per call for each violation determined to be willful and/or knowingly pursuant to 47 U.S.C. § 227(b)(3)(C),

D. Statutory damages of $500 for a violation of 47 C.F.R. §§ 64.1200(d)(1)-(d)(4).

COMPLAINT FOR: VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 - 17

E. All reasonable attorneys' fees, witness fees, court costs, pre-judgment and post-judgment interest, and other litigation costs incurred by Plaintiff,

F. Injunctive relief prohibiting such violations of the TCPA by Defendants in the future,

G. Leave to amend this Complaint to conform to the evidence presented at trial,

H. Any other relief this Court deems proper.

Respectfully submitted,

Dated: June 15, 2022

JORGE ALEJANDRO ROJAS
Rojas.jorge96@gmail.com
Plaintiff in Pro Se
557 Cambridge Way
Bolingbrook, IL 60440
(424) 219-1582

COMPLAINT FOR: VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 - 18